U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 1 0 2017

CLERK, U.S. DISTRICT COURT
By_____
           Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FRANK ORLOWSKI, | § | |
| Movant, | § | |
| VS. | § | NO. 4:17-CV-628-A |
| | § | (NO. 4:14-CR-244-A) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Frank Orlowski ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:14-CR-244-A, styled "United States of America v. Frank Orlowski, et al.," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On December 17, 2014, movant was named along with two others in a one-count indictment charging him with conspiracy to possess with intent to distribute methamphetamine, in violation of 21

U.S.C. § 846. CR Doc.[1] 1. On April 1, 2015, the government filed a superseding information charging movant with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). CR Doc. 60. On April 10, 2015, movant appeared for arraignment on the superseding indictment. CR Doc. 63. Movant and his counsel signed a waiver of indictment, which was affirmed in open court. CR Doc. 64. Movant and his counsel signed a factual resume that was filed at the arraignment hearing. CR Doc. 65. Movant, his counsel, and the government signed and presented to the court a plea agreement, which was then filed. CR Doc. 66. The plea agreement states that is was freely and voluntarily made and not the result of force, threats or promises, and that no guarantees or promises had been made by anyone as to what sentence the court would impose. CR Doc. 66 at 5. Further, the agreement states that movant had thoroughly reviewed all legal and factual aspects of his case with his attorney and was fully satisfied with his attorney's representation. Id.

On July 31, 2015, movant appeared for sentencing. CR Doc. 165. The court rejected the plea agreement because it could not find that the plea agreement would not undermine the statutory

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal action.

2

purpose of sentencing or the sentencing guidelines. Movant's actual offense behavior would have a potential sentencing range of up to life, whereas the plea agreement would cap the sentence at 240 months. Id. at 4-7. Movant persisted in his plea of guilty. Id. at 8. The only objection to the presentence report that he pursued was the objection regarding enhancement for possession of a firearm. Id. at 9. Movant presented the testimony of the lead investigator on the case, Kevin Brown, who testified that he searched movant's vehicle and residence but did not locate any firearms. Id. at 10-12. The agent believed that only one other person he interviewed, Phillip Didier, mentioned that movant possessed a firearm. Id. at 13. The court requested a copy of the interview or statement regarding the firearm, id. at 15, and marked it as Court Exhibit 1. Id. at 15-16. Didier was a customer of movant's for methamphetamine and had observed movant with a .22-caliber handgun in the past. Id. at 18. Didier was in possession of a gun and drugs when he was stopped after a visit to movant's residence to obtain the drugs. Id. at 18-20. The agent used Didier's statements to support his application for a search warrant for movant's residence. Id. at 20-21. The court noted that whether movant actually possessed a firearm, Didier, who was engaged in jointly undertaken criminal activity, did possess a firearm that could be attributed to movant. Id. at 30-

31. Further, whether movant had pleaded guilty to a conspiracy or not, the evidence showed that he was part of a conspiracy, "but whether you call it that or not, it was certainly jointly undertaken criminal activity that he was engaging in with Mr. Didier and others." Id. at 31. The court overruled the objection, relying on Didier's statement and also on information in the presentence report establishing that movant should receive a two-level increased under U.S.S.G. § 1B1.3. Id. at 32. The court adopted the facts set forth in the presentence report, as modified or supplemented by the addendum, and as supplemented by facts found from the bench. Id. at 33. Although the court recognized that movant had provided substantial assistance, it also found that movant had already been rewarded by the government's charging decision. Id. at 33-34; 36-38. The court imposed a term of imprisonment of 240 months to be followed by a three-year term of supervised release. Id. at 37-38; CR Doc. 134.

Movant appealed and the judgment was affirmed. CR Docs. 175, 176; United States v. Orlowski, 667 F. App'x 849 (5th Cir. 2016).

II.

Grounds of the Motion

Movant did not file a motion using the proper form, but rather a prolix thirty-seven page document, the gist of which

appears to be an attack on the performance of his counsel. Doc.[2] 1. As best the court can tell, movant urges that his counsel was ineffective because movant received the firearm, drug importation, and drug premises enhancements. Doc. 1 at 13. He recognizes that the enhancement had to be proved by a preponderance of the evidence, id. at 19, but then argues that the appropriate standard is beyond a reasonable doubt, id. at 21. And, finally, movant appears to allege that his counsel failed to conduct a proper investigation. Id. at 31-33.

III.

Applicable Legal Standards

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause"

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action. The pages of the motion are unnumbered, so the court is using the numbers assigned by the ECF system as the page numbers.

for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. <u>Ineffective Assistance of Counsel Claims</u>

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also

6

Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

The only facts alleged by movant have to do with his behavior since his incarceration, Doc. 1 at 5, and his statement

7

that he was never in possession of a weapon, id. at 6. The remainder of the motion is devoted to conclusory allegations regarding the alleged failings of movant's counsel. These allegations simply do not meet the test of Strickland. Miller, 200 F.3d at 282.

The record reflects that movant's counsel presented evidence to support his objection to the firearm enhancement. Movant does not spell out what more his counsel could or should have done. The court considered the evidence presented and made further inquiry. In addition, the court relied on information contained in the presentence report as amended, as it was entitled to do. United States v. Harris, 702 F.3d 226, 230-231 (5th Cir. 2012); United States v. Trujillo, 502 F.3d 353, 357 (5th Cir. 2007). That movant's counsel did not prevail is not indicative of ineffectiveness.[3]

Movant did not object at the sentencing hearing to withdrawal of the other objections he had made. He received the benefit of his counsel's earlier objections, which were partially accepted in the addendum to the presentence report. CR Doc. 96. Movant has not shown that the outcome of the proceeding would

---

[3] Movant did raise the firearm enhancement on appeal and did not prevail because he failed to address each of the reasons given for the enhancement. 667 F. App'x at 849-50. Although potentially a ground for ineffective assistance, movant has failed to point out the evidence that would have overcome the reasons given for the enhancement. He simply makes conclusory arguments.

have been different had his counsel persisted in pursuing any other objections.

To the extent movant alleges that his counsel failed to conduct a proper investigation, his claim is wholly conclusory and unsupported. The record reflects that his counsel pursued his objection to the firearm enhancement and withdrew his other the objections. CR Doc. 165 at 9. Although movant wishes that the facts were different, the court adopted the fact findings set forth in the presentence report and addendum, which belie the allegations he now makes.

Movant's arguments regarding the burden of proof at sentencing are wrong. Facts relevant to sentencing need only be proved by a preponderance of the evidence. United States v. Romans, 823 F.3d 299, 316 (5th Cir. 2016). Moreover, the guidelines are not subject to a vagueness challenge. Beckles v. United States, 137 S. Ct. 886, 892 (2017). And, a challenge to application of the guidelines is not cognizable under § 2255 in any event. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999).

In his reply, movant takes up a new argument that he is or was eligible for "safety valve" relief. However, the "safety valve" provision of U.S.S.G. § 5C1.2 permits the court to impose a sentence below the mandatory minimum if the defendant did not,

9

among other things, have more than 1 criminal history point. 18 U.S.C. § 3553(f)(1). Movant was not entitled to "safety valve" consideration.

In sum, there is no evidence that had his counsel done anything differently, the outcome of movant's case would have been any different. His complaints relative to his counsel lack merit.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 10, 2017.

_____
JOHN McBRYDE
United States District Judge